Sucessors of Luiña Brothers, Ltd., Petitioners and Appellants, *v.* Miguel et al., Plaintiffs, Defendants and Appellees.

Appeal from the District Court of San Juan in an Action of Debt.

No. 2259.—Decided November 30, 1920.

Preference—Intervention—Motion to Set Aside Levy and Sale.—A creditor who thinks that he has a better right than another to collect his credit from the common debtor should assert such right in an action of intervention. A motion by creditor ''A'' in an action brought against the common debtor by creditor ''B'' for the purpose of setting aside a levy and sale made in execution of the judgment in favor of ''B'' comes too late; and, furthermore, it is inefficient for determining the preference of one credit over the other, even though the said levy and sale were null and void.

The facts are stated in the opinion.

*Mr. V. M. Fernández* for the appellant.

*Mr. L. Freyre Barbosa* for the appellees.

Mr. Chief Justice Hernández delivered the opinion of the court.

Camilo Miguel brought an action on October 1st, 1919, in the Municipal Court of Río Piedras against Félix Zengotita to recover the sum of $495, with legal interest from the date of the complaint and the costs, expenses and dis-

bursements of the action, and on the same day moved for an attachment to secure the effectiveness of the judgment. His motion was sustained and after bond was given personal property of the defendant was attached and left in his custody at the instance of the plaintiff.

The default of the defendant was noted and on the 14th of October judgment was entered against him for the sum claimed, with interest and costs.

A writ of execution was issued to the marshal on October 31 and as a result thereof the property attached was put up at public auction on November 22, 1919, and sold to Ramón H. Rodríguez Flores, as the representative of Camilo Miguel, for the sum of $590.

On November 25, 1919, Luiña Brothers & Company filed a motion in the same case for the dissolution of the attachment levied at the instance of Camilo Miguel because the property attached had been left in the custody of defendant Félix Zengotita, and for the annulment of the sale of the said property because it had not been previously levied on. It was also alleged in the motion that Luiña Brothers & Company had an action of debt pending in the same Municipal Court of Río Piedras against Félix Zengotita and had re-attached the same property previously attached at the instance of Camilo Miguel and that they had been prejudiced by the sale for the reason that their attachment had preference.

The motion was heard and overruled by an order of the Municipal Court of Río Piedras of December 26, 1919, and the District Court of San Juan, Section 1, by an order of May 4, 1920, made the same ruling on appeal.

The order of the district court was appealed from to this court by Luiña Brothers & Company and we find it to be according to law.

Even admitting that the attachment levied on the prop-

erty of Félix Zengotita at the instance of Camilo Miguel was null and void because the property was left in the custody of the debtor, the firm of Luiña Brothers & Company admitted the existence of the said attachment and only re-attached the property, thereby acknowledging the right of Camilo Miguel to receive in preference from the proceeds of the sale of the property an amount sufficient to cover his claim, after which the balance should go to pay, in whole or in part, the claim of Luiña Brothers & Company.

The motion does not show that upon levying the attachment at the instance of Luiña Brothers & Company the property re-attached was placed in the custody of a person other than the debtor, Zengotita; therefore that re-attachment can not be held sufficient to defeat the attachment made at the instance of Camilo Miguel, for the re-attachment had the same defect for which the validity of the first attachment was attacked.

Nor was it alleged in the motion that Zengotita had no other property than that attached by Camilo Miguel for the payment of his claim; therefore we can not see how the movers could be prejudiced by the attachment and sale sought to be annulled.

The appellants admit in their brief that they had no right to intervene in the action of Camilo Miguel against Félix Zengotita because the law closes the door to them to discuss the allegations of the plaintiff or the attitude of the defendant in that action, although it gives them the right to attack the validity of the attachment and sale therein. That contention is inadmissible. If Luiña Brothers & Company thought that they had a better right to collect their claim than Camilo Miguel had, they should have so alleged in the proper proceeding, that is, in an action of intervention in which all pertinent pleadings and evidence could have been presented, without resorting to an unseasonable motion to annul the attachment and sale in the action of Camilo Miguel

against Félix Zengotita, and their annulment of itself would not be sufficient to determine the preference between the two claims.

The order appealed from must be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.